Robert L. KREBSBACH, M.D., Plaintiff,

v.

Margaret HECKLER, et al., Defendants.

No. CV 85-0-651.

United States District Court, D. Nebraska.

Aug. 26, 1985.

Dayton O. Rasmussen, Omaha, Neb., for plaintiff.

Douglas Semisch, Asst. U.S. Atty., Omaha, Neb., Royce N. Harper, Asst. Atty. Gen., Lincoln, Neb., John J. Meyer, Office of Gen. Counsel, Inspector Gen. Div., U.S. Dept. of Health & Human Serv., Washington, D.C., for defendants.

BEAM, District Judge.

This matter is before the Court upon plaintiff's request for a preliminary injunction (filing 1), defendant, Nebraska Department of Social Services' motion to dismiss (filing 4), defendant, Secretary of the United States Department of Health and Human Services' motion to dismiss defendants McLaughlin, Bishop, Mutual of Omaha and The Travelers (filing 5), defendants' motion to dismiss (filing 6), and defendant, Nebraska Department of Social Services' amended motion to dismiss or in the alternative to abstain (filing 12).

Plaintiff is a physician practicing in Omaha, Nebraska. He has been a provider of services to individuals who are covered under the federal and state Medicare and Medicaid programs. On or about March 6, 1985, plaintiff was notified by Mutual of Omaha and The Travelers, carriers under the Medicare Part B and Railroad Retirement programs, that they were suspending payment on his claims under 42 C.F.R. §§ 405.370 and 405.371(b). Plaintiff was not offered a hearing on the matter. On July 1, 1985, plaintiff filed a "Petition" alleging that he was being deprived of property without due process in violation of the Fifth and Fourteenth Amendments to the United States Constitution. Specifically, plaintiff claims that he is entitled to an administrative hearing prior to any suspension of payments and asks the Court to enjoin the suspension until such hearing occurs. Plaintiff alleges that the Court has jurisdiction pursuant to 28 U.S.C. § 1331.

*Jurisdiction*

Defendant, the Nebraska Department of Social Services, contends that the Eleventh Amendment bars suits against it in federal court, absent consent. It is well established that under the Eleventh Amendment a federal court may not award retroactive monetary relief against a state. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). To the extent that plaintiff seeks a ruling as to his entitlement to reimbursement of claims submitted, therefore, the Court is without jur-

550

isdiction. However, under *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), the Eleventh Amendment does not bar prospective injunctive relief where the state is violating a claimant's constitutional or statutory rights. The Court does have jurisdiction, then, to consider plaintiff's claim that the continued suspension of payments without a hearing deprives him of property without due process of law.

■ There are certain limitations on the doctrine of *Ex Parte Young*. As Professor Wright has written, the traditional rule is that "[a] litigant must normally exhaust state 'legislative' or 'administrative' remedies before challenging the state action in federal court." C. Wright, *Law of Federal Courts* (1983), p. 293. *See Gilchrist v. Interborough Rapid Transit Co.*, 279 U.S. 159, 49 S.Ct. 282, 73 L.Ed. 652 (1929); *Prentis v. Atlantic Coast Line Co.*, 211 U.S. 210, 29 S.Ct. 67, 53 L.Ed. 150 (1908). The rationale for this rule is that it cannot be certain that a party will need judicial relief until the administrative process is complete. It is a rule of comity and equitable discretion, rather than a jurisdictional limitation.

In the instant case it cannot be said that plaintiff has exhausted his state administrative remedies. The record does not indicate that plaintiff has submitted a written request for a hearing with the Department of Social Services, as provided by 471 NAC 2–003. Therefore, plaintiff is not entitled to relief as to defendant Nebraska Department of Social Services.

■ The remaining defendants maintain that under *Heckler v. Ringer*, 466 U.S. 602, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984), this Court does not have federal question jurisdiction over plaintiff's claims. In *Ringer* the Supreme Court held that 42 U.S.C. § 405(h), made applicable to the Medicare Act by 42 U.S.C. § 1395ii, precludes section 1331 jurisdiction over all claims arising under the Medicare Act.

This Court recently had occasion to examine some of the judicial penumbras left by *Ringer* in *Archbishop Bergan Mercy Hospital v. Heckler*, 614 F.Supp. 1271 (D.Neb.1985). The Court ruled that the Eighth Circuit's decision in *St. Louis University v. Blue Cross Hospital Service*, 537 F.2d 283 (8th Cir.1976), survives *Ringer*. In *St. Louis University* the Eighth Circuit held that where there is no other adequate form of review available, section 405(h) does not foreclose section 1331 jurisdiction over *constitutional* claims. Support for *St. Louis University's* continued vitality can be found in *Schweiker v. McClure*, 456 U.S. 188, 102 S.Ct. 1665, 72 L.Ed.2d 1 (1982). In *McClure* the Supreme Court examined the review procedures for reimbursement decisions made under Part B of the Medicare program and found that the procedures complied with due process requirements. The Court, in reaching that decision, obviously considered itself to have jurisdiction to review Part B procedures for due process violations. Furthermore, the Court indicated that future review might be available in the courts upon a showing of procedural impropriety. *Id.* at 195, 102 S.Ct. at 1670. Therefore, *Ringer* does not bar federal question jurisdiction over constitutional questions where there exists no other avenue of review.

In the instant case there is no review available of defendants' refusal to provide plaintiff with a hearing regarding the suspension of reimbursements. Therefore, the Court has jurisdiction to determine whether this refusal violates plaintiff's due process rights.

*Hearing*

■ Plaintiff contends that he is entitled to a hearing under 42 U.S.C. § 1395y(d)(3). However, payments to plaintiff were not suspended pursuant to that section. The hearing described in section 1395y(d)(3) applies when the Secretary has determined under section 1395y(d)(1) that an individual "has knowingly and willfully made, or has caused to be made, any false statement or representation of a material fact for use in

an application for payment under [Medicare] or for use in determining the right to a payment under [Medicare]." The Secretary has made no such determination in plaintiff's case and has not suspended him from future participation in the program. Therefore, the hearing described in 42 U.S.C. § 1395y(d)(3) does not apply.

■ Plaintiff's reimbursements were suspended pursuant to 42 C.F.R. §§ 405.-370 and 405.371(b), which sections were promulgated under the Secretary's general rule-making authority. Under 42 C.F.R. §§ 405.370–405.373 carriers must withhold payments on claims where there is reliable evidence of an overpayment or of fraud or willful misrepresentation. 42 C.F.R. § 405.371(a) contains certain procedures the carrier must follow when payments are suspended. These include prior notice to the provider and an opportunity to respond. However, under 42 C.F.R. § 405.371(b) these procedures do not apply when the carrier has reliable evidence of fraud or willful misrepresentation. In such cases the provider need not be notified prior to the suspension or given an opportunity to respond.

Plaintiff's payments were suspended pursuant to 42 C.F.R. § 371(b). He, therefore, has no right under the Medicare Act or the appropriate regulations to a hearing while the Secretary conducts an investigation.

This absence of a hearing does not violate plaintiff's right to due process of law. It is appropriate that the Secretary may temporarily suspend payments in order to conduct an investigation when confronted with reliable evidence of fraud. Such a suspension cannot continue indefinitely, but may be of a reasonable duration. The Court cannot say that the suspension in the instant case has exceeded a reasonable period for the Secretary's investigation.

For the foregoing reasons plaintiff is not entitled to an immediate hearing. An order in conformance with this Memorandum will be entered contemporaneously herewith.